**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOHN VERNON KNOWLES IV,** | ) | **CASE NO. 4:26 CV 1037** |
| | ) | |
| **Petitioner,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **vs.** | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **WARDEN IAN M. HEALY,** | ) | **AND ORDER** |
| | ) | |
| **Respondent.** | ) | |

*Pro se* Petitioner John Vernon Knowles, an inmate in the Federal Correctional Institution in Elkton, Ohio filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. §2241, claiming the Warden is denying him the maximum term of placement in a Residential Reentry Center ("RRC"). He claims that the Warden and his unit team arrived at this decision based on information that he had returned to prison on a Post Release Violation, rather than on a new conviction. He contends this resulted in a miscalculation in the "5 factor review" and his RRC placement time. He asks this Court to tell the Warden and unit staff that they are not correctly applying the Second Chance Act ("SCA"), and to order them to give him the 181-270 days placement in RRC to which he believes he is entitled.

## I.  BACKGROUND

On September 23, 2019, Petitioner pled guilty to receiving and possessing child pornography between January 1, 2011 and August 2, 2017. *See United States v. Knowles*, No. 4:18 cr 505 ED

Mo. Jan. 14, 2020).  The court sentenced him to a 60 month term of incarceration followed by supervised release for life. *Id.*

In August 2023, Petitioner began the process of transferring from a halfway house to home confinement to complete his 60 month prison sentence.  *See United States v. Knowles*, No. 4:24 cr 0077 (ED Mo. Jan. 27, 2025)(Doc. No. 51 at PageID #: 181).  His probation officer visited him on September 12, 2023.  *Id.*  At that time the officers noticed several unapproved electronic devices in the home.  *Id.*  The officer seized the devices which included a laptop computer and cellular telephone.  *Id.*(Doc. No. 51 at PageID #: 181-182).  A search of those devices resulted in the discovery of additional child pornography.  *Id.*  A forensic analysis showed that the images had been downloaded after the window of time covered in his plea agreement, but before he was sentenced in the 2019 case.  *Id.*(Doc. No. 51 at PageID #: 182).   He was indicted in a second case for these images and charged with possession of child pornography.  *Id.*  He pled guilty to the charge and was sentenced to a term of 40 months incarceration followed by supervised release for life.  *Id.*

Petitioner arrived at FCI Elkton on March 27, 2025 to serve his second sentence.  (Doc. No. 4-1 at PageID #: 16).  His projected release date is December 26, 2026, after the application of good conduct time credits.  *Id.*  With a projected release date in 2026, Petitioner became eligible for consideration for placement in a Residential Reentry Center.  His unit staff met and after consideration of the resources available at the facility, the nature and circumstances of his crimes, his need for services, public safety concerns, and the need of the Bureau of Prisons (BOP) to manage its inmate population, the unit team recommended Petitioner be eligible for RRC placement for 1-90 days to assist with his transition back into society.  *Id.*  Petitioner objects to that length of

RRC placement, claiming that he had previous been determined to be eligible for 181-270 days. (Doc. No. 1 at PageID #: 8).  It is unclear when or by whom he was given the 181-270 day figure. He states that nothing has changed significantly for him since he was given that assessment and therefore the 1-90 day eligibility was incorrect.  He contends that his unit staff is using an outdated policy to determine his eligibility for RRC placement and calculated his eligibility based on the misconception that he returned to prison on a supervised release violation rather than from a new conviction.  He states this affected the length of the term of his eligibility under the SCA.  He appealed that decision to the Regional Administrator and to the Central Office of the BOP.  His appeals were denied at each level.  He was informed that his placement for 1-90 days had been approved and his project release date to RRC placement is September 29, 2026.

## II.  STANDARD OF REVIEW

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)).  Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel.  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).  However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief.  *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134,

-3-

141 (6th Cir. 1970) (holding district courts have a duty to "screen out" Petitions lacking merit on their face under Section 2243).

### III.  ANALYSIS

The Bureau of Prisons (BOP) assesses each inmate individually under the SCA, 18 U.S.C. § 3624(c), to determine whether he or she might qualify for up to 365 days of early transfer to prerelease custody. The SCA provides that the BOP shall "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c).  The decision to place an inmate in pre-release community confinement under the SCA is discretionary and will be "determined on an individual basis" according to the five factors contained in 18 U.S.C. § 3621(b). These factors include: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence; and (5) any pertinent policy statement issued by the Sentencing Commission. *See* 18 U.S.C. § 3621(b).  The SCA does not guarantee a one-year RRC placement, but only directs the BOP to consider placing an inmate in a RRC for up to the final twelve months of his or her sentence.  In addition, while the SCA specifies a maximum term an inmate can receive in RRC, twelve months,  it does not set minimum amount of time that must be granted.  *Lovett v. Hogsten*, No. 09-5605, 2009 WL 5851205, at *2 (6th Cir. Dec. 29, 2009). Because the SCA gives broad discretion to the BOP to apply its terms,, a prisoner has no constitutional right to placement for any term in RRC for any particular length of time.  *Id.* (citing *Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009); *Heard v. Quintana*, 184 F. Supp. 3d 515,

520–21 (E.D. Ky. 2016)(No constitutional right to RRC placement under the SCA);  *Sabir v. Rardin*, No. 25-CV-11393, 2025 WL 3172378, at *2 (E.D. Mich. Nov. 13, 2025)(same).

### IV.  CONCLUSION

Accordingly, this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed pursuant to 28 U.S.C. § 2243.  Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

5/15/2026

**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**